# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2078
_____

United States of America

*Plaintiff - Appellee*

v.

Coreena D. Velasco, also known as Coreena D. Mediano

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: December 1, 2025
Filed: December 23, 2025
[Published]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Coreena Velasco appeals the sentence imposed by the district court[1] after she pleaded guilty to drug and money laundering offenses pursuant to a plea agreement

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

containing an appeal waiver. At the change of plea hearing, the district court directed attention to the appeal waiver, and Velasco confirmed that she understood she was giving up the right to appeal or collaterally attack the finding of guilt and her sentence except under certain circumstances.

At sentencing, the district court overruled Velasco's objection to the presentence report's drug quantity determination, resulting in an advisory guidelines sentencing range of 292-365 months imprisonment, and imposed a concurrent 180-month sentence on both counts. Velasco timely filed a *pro se* motion to appoint new counsel for an appeal because she wished to appeal based on ineffective assistance of trial counsel, an issue that is included in the plea agreement's enumerated exceptions to the appeal waiver. Counsel moved to withdraw and filed a notice of appeal with these motions pending in the district court.

We appointed trial counsel to represent Velasco on appeal. Counsel moved to substitute counsel because Velasco wished to raise a claim of ineffective assistance. We denied the motion without prejudice, explaining that if Velasco was dissatisfied with appointed counsel, she must file a motion for substitution of counsel, stating her reasons for dissatisfaction and the issues she wishes to raise on appeal. Counsel then filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that guidelines errors make the sentence substantively unreasonable, and moved for leave to withdraw because the appeal waiver applies to those issues and "no non-frivolous issues exist outside the scope of the appellate waiver."

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in counsel's Anders brief. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Ms. Velasco has not filed a supplemental appeal brief, nor has she moved for substitution of counsel, stating her reasons for dissatisfaction and the issues she wishes to raise on appeal, as our order denying counsel's motion to substitute required. Accordingly, we dismiss the appeal

based on the valid appeal waiver, grant counsel's motion to withdraw, and direct that Velasco be allowed to raise any and all claims of ineffective assistance of trial and appellate counsel in a timely motion or petition for postconviction relief.

_____